# GILMAN M. SARGENT

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

NEW TRIAL—*verdict against the evidence.* In this case, the judgment of the court below is reversed, for the reason that the evidence fails to sustain the verdict of the jury.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. STORRS & VAN ARMAN, for the plaintiff in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an indictment for forging a receipt by changing it from the sum of $20 to the sum of $200. The jury found the defendant guilty, and fixed his punishment at one years imprisonment in the penitentiary—the statute giving the jury discretion between one and fourteen years. As there was nothing to mitigate the offense, if really committed, it is difficult to explain the mildness of the punishment, except upon the theory that the jury adopted that mode of compromising with their doubts.

We have not been favored in this case with a brief on the part of the people, and we are at a loss to understand how a jury was pursuaded to find a verdict of guilty. Certainly, on the record before us, the guilt of the defendant does not appear.

He was indebted to Dimmock, the prosecuting witness, and called at his office to pay him some money. The son of Dimmock was in the office, and received the money, which he swears was only $20. He gave the defendant a receipt, specifying the sum in figures. The alleged forgery consists in adding a cypher, so as to make the receipt read $200.

On the side of the people are young Dimmock, who swears that he and the defendant were the only persons present, and that the amount paid was only $20, and the receipt only for that sum; the elder Dimmock, who swears that he met the defendant on the stairs, coming from the office, and was told by him that he had just paid $20; and a witness named Blue, who swears that he was going up the stairs with Dimmock, and heard Sargent make the remark about the payment of the $20, yet he swears he never saw Sargent before or since, until the trial, and had never thought since of the conversation. The testimony of this witness is entitled to very little weight.

For the defendant, it was testified by Wood, a book-keeper in the mercantile house where defendant was employed, that Dimmock came there and told Sargent he wanted $200 on the 1st of December. He further swears that on that day Sargent got $50, and left the store with Davis. When he returned he gave witness the receipt for $200, which witness kept with other papers belonging to Sargent.

Davis testified that on the 1st of December he paid Sargent $50, which he owed him, and went with him to the office of Dimmock, where he saw him pay young Dimmock a sum of money, including two bills of $20 each, and several $5 and $10 bills, and he says a receipt for $200 was given. Davis was also a book-keeper.

Balcom, an inspector in the custom house, testifies that young Dimmock told him, in November or December, 1870, that he had received $200 from Sargent.

None of the witnesses on either side were impeached as to character. The three witnesses for the defendant have no connection with the transaction or the parties, and there was nothing to bias their testimony. Dimmock and his son have both a strong personal interest in the controversy. There is a-civil suit pending as to the same subject matter, and the testimony of the elder Dimmock is evidently given under a

strong bias.   There is a painful contradiction in the testimony, and it is impossible to pronounce upon it with entire certainty, but we think the ends of justice will be best subserved by awarding a new trial.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*